## LEON v. GREAT AMERICAN INDEMNITY CO. et al.

### No. 4485.

Court of Appeal of Louisiana. Second Circuit.

March 6, 1933.

Wm. C. Boone, of Shreveport, for appellant.

Barnette & Roberts, of Shreveport, for appellees.

DREW, Judge.

Plaintiff was employed as an ordinary laborer, at the rate of $2 per day, six days per week, by the Kirkwood & Lee Construction Company. About March 1st, while plaintiff was performing labor in the course of his employment, to wit, carrying a piece of 2x6 timber, he stumbled and struck his leg against a stake standing in the ground, and knocked the skin off his shin in a place about the size of a quarter. He reported the accident to his foreman, and was given an order to the defendant's doctor for treatment of the injury.

On or about the 6th of March, plaintiff went to the doctor and had the injury dressed, and again, on the 23d of March, he visited the doctor. Thereafter he made his visits more frequent and regular. After treating the injured leg for some time, the doctor discovered that plaintiff was suffering with syphilis, and immediately began treating him for this disease. The treatment cured the syphilis, and the leg thereafter healed. The last treatment given by the doctor was on June 28, 1932, practically four months after the accident of which plaintiff complains.

Plaintiff did not cease work at the time he received the injury, and continued to work every day thereafter, except when it rained, for a period of about eight weeks, or until about May 7, 1932, at which time he was discharged or laid off, due to there being no longer any need of the extra gang, of which plaintiff was a member.

On June 2d, thereafter, plaintiff instituted this suit under the Workmen's Compensation Act of Louisiana (Act No. 20 of 1914, and amendments thereto), alleging total disability to perform labor of any reasonable character, and prayed for judgment against his employer and its insurer in solido in the sum of 65 per cent. of his weekly wage for a period not to exceed 400 weeks.

Defendants' answer is a general denial.

The slight injury to the leg received by plaintiff when he stumbled and fell was at a place on the leg where there had been an ulcerated condition about one and one-half years before, and no doubt that part of the leg was more tender and more susceptible to injury than other parts of the leg. It is likewise very clear that, due to the syphilitic condition of plaintiff, the injury, though slight. in nature, did not heal as quickly as it otherwise would have done. These facts are fully borne out by the evidence, and are undisputed. It is also an admitted fact that plaintiff was under the treatment of defendant's doctor, at defendant's expense, from March 23d until June 28th, the treatment being for syphilis and dressing the injured leg.

The injury no doubt caused plaintiff some inconvenience and at times pained him, but this is not a suit for damages for pain and suffering or inconvenience caused to plaintiff. It is a suit for compensation due plaintiff because of his incapacity. to perform labor of any reasonable character, or such as he was performing when injured, and caused by the injury. Plaintiff continued to work from the date of the injury, about March 1st, until he was discharged or laid off on May 7th, earning the same wages and performing the same kind of labor as he was performing when injured, and made no complaint whatsoever. It is therefore certain that he was not totally or partially disabled to perform work of any reasonable character from the date of injury up until May 7, 1932. This case was tried on June 29, 1932, and the testimony of all the doctors, without contradiction, is that at that time he was neither partially nor totally incapacitated to perform ordinary labor such as he was doing at the time of the injury, and in this court he is only claiming compensation for that period of time between the date he ceased work, on May 7, 1932, and the date of trial, June 29, 1932, having abandoned all other claims, therefore, admitting that on the day of trial he had fully recov-

ered from any disability that he might previously have had.

█ The record does not disclose testimony to show that plaintiff's condition between the dates of May 7, 1932, and June 29, 1932, was any different or any worse than it was between the date of the accident and May 7th. Without such proof, plaintiff is not entitled to recover. It is incumbent upon plaintiff to prove his case with that same degree of certainty as is required in all other civil suits, and in this case he has signally failed to make out his case. Plaintiff received a slight injury that required the attention of a doctor, but it did not totally or partially disable him for performing work of a reasonable character such as he was doing at the time of the injury.

The lower court rejected the demands of plaintiff, and the judgment is correct, and is therefore affirmed.