## VIGNAUL v. HOWZE et al.
### No. 1231.

Court of Appeal of Louisiana. First Circuit.

Oct. 5, 1933.

Benj. W. Miller, of Bogalusa, and S. W. Provensal, of Slidell, for appellants.

C. S. Frederick, of Covington, and A. A. Calongne, of New Orleans, for appellee.

ELLIOTT, Judge.

Richard Vignaul alleges that while employed by James B. Howze, a contractor engaged in the business of digging trenches and ditches, which, it appears, was part of the construction work being done in building a highway from Covington to Slidell, he was struck in the eye by a root, which he was digging or pulling up, and the injury resulted in the total loss of his left eye and the impairment of the sight of his right eye to the extent that he has been practically permanently blinded in both eyes. The injury is alleged to have been sustained on or about October 11, 1931.

That he was receiving $1.50 per day at the time, as wages, the equivalent of $9 per week. That due to his said injury he has since been unable to do any kind of work.

He alleges, upon information and belief, that said Howze carried a policy of insurance with express reference to the Employers' Liability Act of Louisiana to cover such cases, but that the name of the company in which it was carried was to him unknown.

He claims of Howze compensation at the rate of $5.85 per week for a period of 400 weeks, amounting to $2,340.

Certificate from the Charity Hospital, concerning his eyes, was annexed to and made part of his petition and filed therewith. He alleges that previous to the injury both of his eyes were good and strong.

The defendant Howze admits in his answer that plaintiff was employed by him on or about the time alleged, but denies that he was injured while engaged in his occupation as a laborer and during the course of his employment or incidental thereto or arising out of said employment. In a later part of his answer he alleges that plaintiff was injured on or about October 20, 1931, while skylarking or playing with his fellow workers and others during the dinner hour between 12 noon and 1 o'clock p. m.; that your defendant was in no way or manner connected with said injury, and knew nothing about it until he was told about it later.

Plaintiff by supplemental petition filed September 27, 1932, substantially and in effect alleges that Lawrence Construction Company of Jackson, Miss., does business in the parish of St. Tammany in conjunction with said Howze; that Union Indemnity Company of New Orleans, La., also does business in the parish of St. Tammany, which covers said liability cases; that he omitted to make them codefendants. He prayed for leave to amend his petition by making them defendants, and obtained an order to that effect.

James B. Howze, answering plaintiff's supplemental petition, admits averment No. 1, to the effect that Lawrence Construction Company does business in the parish of St. Tammany in conjunction with him; that Union Indemnity Company also does business in the same parish, which covers said liability cases.

Lawrence Construction Company and Union Indemnity Company each appeared and separately answered the averments of plaintiff's original and supplemental petition. They each admit that Howze does occasionally undertake work by contract, but deny that he is indebted to the plaintiff for any reason. They each make further averments, which it is not necessary to take into account at this time. Lawrence Construction Company denies any liability, but prays in the alternative, if any judgment be given against it, that it in turn have judgment for the same amount against Howze. Union Indemnity Company also filed an answer to plaintiff's original and supplemental petitions, making substantially the same denials and defensive averments as were made by Lawrence Construction Company.

On November 2, 1932, Lawrence Construction Company and Union Indemnity Company each filed a supplemental answer. Lawrence Construction Company reiterates the allegations contained in its original answer, and further avers that since the filing of its original answer it has learned the following facts, material and relevant to the issues of this suit. It then alleges that Baton Rouge Construction Company, Inc., was a subcontractor under Lawrence Construction Company for the work that was being done by Howze at the time in question, and that Howze was in turn a subcontractor for the same work under Baton Rouge Construction Company; that Baton Rouge Construction Company, Inc., was therefore liable to it in warranty; that Baton Rouge Construction Company, Inc., carried compensation insurance with London Guaranty & Accident Company as its surety; that Baton Rouge Construction Company, Inc., and London Guaranty & Accident Company were therefore necessary parties defendant to the suit. Baton Rouge Construction, Inc., and London Guaranty & Accident Company were accordingly called in warranty and made parties defendant in the suit.

. The supplemental answer and call in warranty on the part of Union Indemnity Company was similar to that of Lawrence Construction Company, and was in fact a companion plea.

London Guaranty & Accident Company appeared and excepted to the demand made upon it by the Lawrence Construction Company and Union Indemnity Company, each and respectively, on the ground that their respective petitions calling it in warranty set out no right or cause of action against it. This exception was sustained, and London Guaranty & Accident Company dismissed from the suit. No appeal was taken from this judgment, and consequently no further reference will be made to the London Guaranty & Accident Company.

On November 25, 1932, on motion of Vignaul, a preliminary default was entered up against Baton Rouge Construction Company, Inc., and on the same day the case was taken up for trial between Vignaul, Howze, Lawrence Construction Company, and Union Indemnity Company, and proceeded with until the trial was concluded. The parties then agreed that the testimony was to be transcribed after which plaintiff was to have 20 days in which to file a brief, the defendant was then to have 15 days in which to do the same, and the case was then to be submitted to the court.

On December 8, 1932, which was 12 days after the case had been tried, the Baton Rouge Construction Company, Inc., responding to the call in warranty, which had been made on it by Union Indemnity Company, filed an answer to plaintiff's original and supplemental petition, but none was filed as to the call in warranty, which had been made on it by Lawrence Construction Company.

On January 25, 1933, the plaintiff, Vignaul, alleging to the court that on January 6, 1933, the Union Indemnity Company had gone into the hands of receivers, he moved that the receivers be made parties defendant in its place.

On January 30, 1933, the receivers appeared and excepted to the jurisdiction of the St. Tammany court on the ground that they could only be sued in the court in which they had been appointed, which was the civil district court of the parish of Orleans.

On February 20, 1933, the court rendered judgment overruling this exception, and at the same time rendered judgment in favor of the plaintiff, Vignaul, and against the defendants James B. Howze, Lawrence Construction Company, and Union Indemnity Company, through Clay W. Beckner and S. Sanford Levy, jointly and in solido, for $5.85 per week for a period not exceeding 400 weeks from the 20th of October, 1931, with legal interest on said weekly payments from the due date of each payment.

James B. Howze and Lawrence Construction Company appealed. The receivers of the Union Indemnity Company did not appeal. As the receivers of the Union Indemnity Company have not appealed, no further mention will be made of them or of the Union Indemnity Company, as they are not before us on this appeal.

Lawrence Construction Company filed in this court an exception, that plaintiff's petition calling it in warranty and making it a party defendant, sets forth no right or cause of action against it, and urges that it be sustained.

The answer of Lawrence Construction Company to the petition of the plaintiff commences with the statement that it appeared without waiving or in any manner abandoning any rights, benefits, or advantages that may have accrued to it or which may hereafter accrue to it by reason of any exception heretofore filed, but on the contrary expressly reserved the same. It then proceeded to answer the averments in plaintiff's original and supplemental petition by admitting that Howze does occasionally undertake work by contract, and that plaintiff was employed by him, but denies that plaintiff was injured at any time in legal connection with the work of said Howze.

Further answering, it avers that said Howze did not enter into any contract with it but was a subcontractor under Baton Rouge Construction Company, which carries compensation insurance, and that Baton Rouge Construction Company, Inc., was in turn a subcontractor as to said work under respondent.

Answering plaintiff's supplemental petition, it avers that it is informed and believes and upon this information and belief alleges that plaintiff was injured on or about October 20, 1931, but was not injured in the work of his employer nor incidental thereto, nor did his injury arise out of his said employment, but that he was injured during a time when he was not working, as a result of joking or skylarking with his fellow workers and other persons, and that your respondent was not in any way connected with nor responsible for same.

█ If Lawrence Construction Company, before answering, had filed in the lower court an exception that plaintiff's original and supplemental petition did not set forth any right or cause of action against it, and the lower court had overruled the exception and compelled it to answer, the situation would be very different; but notwithstanding the premising reservations, with which it commences its answer, it did not file any exception in the lower court, at least nothing indicates that it did, but without protest or objection, filed an answer containing all the information and averments which should have been contained in the petition of the plaintiff, and, having supplied the deficiencies of plaintiff's petition, no good reason exists for advancing an exception of the kind with the view of having the suit dismissed.

The Employers' Liability Act, § 18, subsec. 1(A), amended by Act No. 81 of 1930, contains the essential requirements of an injured employee's complaint in presenting the matter to the court.

Section 18, subsec. 4 (amended by Act No. 85 of 1926), provides that: "The Judge shall not be bound by technical rules of evidence or by technical rules of procedure other than as herein provided."

The exception of no cause or right of action urged in this court is overruled.

█ The note of testimony commences with a similar objection on the part of this defendant. The lower court ruled on the objection that it would permit the plaintiff to file at that time a supplemental petition setting out the necessary connecting facts. The plaintiff stated that it would do so in compliance with the ruling of the court, but none was filed, or at least nothing indicates that it was done. The minutes and the note of testimony show that the trial was proceeded with and no protest or objection on the part of Lawrence Construction Company against hearing evidence before the plaintiff had complied with the ruling of the court appears to have been made. The minutes and note of testimony show that the trial was concluded and the case submitted to the court on briefs to be filed within a certain time.

Defendants urge that plaintiff, not having complied with the ruling of the court, permitting him to amend, that its objection to any evidence should now be sustained, which, if done, would result in the rejection of plaintiff's demand. We think, for the reasons

heretofore given in acting on the exception of no right or cause of action, filed in this court, that the ruling of the lower court, calling on the plaintiff to file a supplemental petition for the purpose stated, was an error. The original and supplemental petitions of the plaintiff and the original and supplemental answers of the defendant Lawrence Construction Company, taken together, contain all the averments necessary to sustain plaintiff's cause and right of action against Lawrence Construction Company. No real prejudice or inconvenience has been sustained by Lawrence Construction Company as a result of the failure. Technicalities of the kind are not favored in compensation cases. If defendants Howze and Lawrence Construction Company had objected to proceeding until the supplemental petition had been filed, the court would no doubt have sustained them. If protest had been made, there would be ground for considering the matter, but defendants, having so far as we can see voluntarily proceeded to take the testimony, complete the case, and submit it to the court, no reason exists for setting aside the judgment rendered on that account.

Lawrence Construction Company urges, as a further error, that the trial was proceeded with, completed, submitted to the court, and judgment rendered against it, although no issue had been joined with Baton Rouge Construction Company, Inc., which it had timely called in warranty and made a party defendant.

The Code of Practice, art. 385, provides that at the time judgment is rendered against a defendant, it should at the same time be rendered against the warrantor. This provision of the law supposes, however, that the warrantor is before the court and in position to have judgment rendered against him. The demand of the plaintiff and that of Lawrence Construction Company had not been put at issue by Baton Rouge Construction Company, Inc., at the time the case was taken up for trial and tried. Nor could the case as against Baton Rouge Construction Company, Inc., have been at that time taken up on confirmation of default.

The minutes show that on October 10, 1932, the case was by consent fixed for trial to be had on the 4th day of the November term of the court. The minute entry of date November 25, 1932, shows that the case came on to be heard pursuant to previous assignment, presumably the one that had been made by consent. The minutes and the note of testimony do not show any objection made by anybody to taking up the case on the ground that it was not at issue as to the Baton Rouge Construction Company, Inc. Lawrence Construction Company, at whose instance it had been called in warranty and made a party defendant, was bound to have been aware, at

the time, that it had not filed an answer and that no default could be confirmed against it, because that very morning, previous to taking up the case, upon motion of the plaintiff a judgment by default had been entered up against Baton Rouge Construction Company, Inc.

■ The record shows that on December 8, 1932, which was 12 days after the case had been tried, Baton Rouge Construction Company, Inc., filed an answer to the demand of Union Indemnity Company, but none was filed answering the demands of the plaintiff, Vignaul, and the defendant Lawrence Construction Company. In such a situation Baton Rouge Construction Company, Inc., was not bound by the submission. No judgment could or was attempted to be rendered for or against it. If Lawrence Construction Company had protested the procedure and requested the court to continue the trial until the case could be taken up contradictorily with Baton Rouge Construction Company, Inc., it would no doubt have been done. Lawrence Construction Company could consent to proceed with the trial without waiting for issue to be joined with Baton Rouge Construction Company, Inc., and under the circumstances will be presumed to have done so.

The nullity of a judgment can be demanded on appeal only when the nullity is apparent on the face of the record. Code of Practice, art. 609. No reason appears to justify setting aside the judgment rendered herein on the ground last mentioned, but in so far as concerns the demand of Lawrence Construction Company against Baton Rouge Construction Company, Inc., the case will to that extent be left open, so that Lawrence Construction Company may force an issue and have judgment in the lower court, if found entitled thereto.

■ On the merits of the case, the defendants Howze and Lawrence Construction Company admit, in their respective answers, that plaintiff was injured while in the employment of Howze on the day mentioned. It is admitted that Howze was a subcontractor under Baton Rouge Construction Company, Inc., for work as to which Lawrence Construction Company was the principal contractor.

The plaintiff, Vignaul, testifies that he was injured during the evening at about 4 o'clock p. m. He says: "I was digging and happened to stoop down and I was pulling one end (meaning the end of a root) and it struck me in the face. There was a helper there and he came to my assistance." He then goes on to say that the lick he received from the root was in his left eye. Alfred Pechon, the helper referred to, supports the testimony of the plaintiff. It happened about quitting time, and Dubuisson, plaintiff's foreman, told him that he would not be needed next day.

The plaintiff does not claim to have notified Dubuisson of his injury at the time, but says he sent word of it to the defendant Howze, by Alfred Pechon, the next morning. Pechon testified that next morning he asked Mr. Howze for the amount due the plaintiff; that Howze asked him why plaintiff did not come after it himself, and that he told Howze that he was suffering from his eye. Howze admits that Pechon asked him next morning for the amount due Vignaul, but denies that Pechon informed him at the time that Vignaul had been hurt. There is no question about plaintiff having been hurt in his eye.

The defendant called a number of witnesses to prove that plaintiff was hurt in the eye, while employed by him on the road on the day mentioned, but endeavored to make it appear that it was done during the noon hour, while the men were eating their lunch. It seems, according to a number of men employed by Howze at the time, that some of them, during the noon hour, engaged in rough play with each other. One of the men, it seems, struck Vignaul over the head with a brush or switch. Vignaul was sitting down at the time on the side of the road at the place where he was at work, eating his lunch, and taking no part in the play. According to defendant's witnesses, Vignaul protested against being struck, and complained that he had been hit in the eye. Defendant contends that the preponderance of the evidence shows that plaintiff received his eye injury at the noon hour in the way stated by the defense witnesses, and that they are not liable for compensation on that account.

The plaintiff is a negro man between 59 and 60 years of age. The evidence indicates that he is without any vocation except that of a common laborer. His left eye was removed on account of the injury. The inflammation in the left eye was communicated to the right eye and the sight thereof was thereby so impaired, as a result, that the injury has produced in him a total disability to do work of any reasonable character. Knispel v. Gulf States Utilities Co., 174 La. 401, 141 So. 9.

We do not accept defendants' theory that plaintiff was struck in his eye at noon, while eating his lunch, by a fellow worker. If the injury had been sustained at that time, he would not have been able to resume work when the noon hour had passed and continue work for the balance of the evening. All of defendants' witnesses say that plaintiff did not complain during the evening while at work that his eye hurt him. Our belief is that he was hurt, not during the noon hour, but late in the evening as the result of having received an accidental blow in the eye by a root as claimed by him and Alfred Pechon; but if we were to adopt the theory of the defense, that he was struck in the eye while eating his lunch at the place of his work on the side of the road in boisterous play on the part of a fellow worker in which Vignaul was taking no part, his remaining at the place, being for the purpose of resuming work as soon as the noon hour was over, the defendant would be liable. Brown v. Vacuum Oil Co., 171 La. 707, 132 So. 117.

■ There is contention that plaintiff should not have compensation for 400 weeks. The evidence shows that the plaintiff, as a result of his injury, may, for the purposes of his vocation in life and at his age, be regarded as having lost the sight of both eyes. His compensation was therefore properly fixed at 400 weeks.

The right is reserved to Lawrence Construction Company to reopen the case in the lower court and prosecute its demand in warranty against Baton Rouge Construction Company, Inc., to final judgment. With this reservation, the judgment appealed from is affirmed. Defendants and appellants are to pay the costs in both courts.