## VERRETT v. NEW ORLEANS PUBLIC SERVICE, Inc.
### No. 14721.

Court of Appeal of Louisiana. Orleans.
June 28, 1934.

John A. Woodville, of New Orleans (Richard Dowling, of New Orleans, of counsel), for appellant.

Ivy G. Kittredge, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit by a negro workman against his employer for compensation. From a judgment in favor of defendant, plaintiff has appealed.

Plaintiff, Matthew Verrett, alleges that on November 16, 1932, while employed as a mechanic (or caulker), he suffered an injury which caused a volvulus or kink in his intestines due to the effort he was required to exert in order to inflate a rubber bag which was used to stop the flow of gas in a gas main during its repair.

Defendant denies that anything that plaintiff was required to do in the performance of his duties had any connection with the volvulus which, it avers, was due to natural causes.

Verrett's account of his injury is to the effect that, in testing a six-inch gas pipe, he was obliged to insert a rubber bag into one end of it while standing in a trench in which the pipe was located, and that, stooping over with a tube in his mouth which connected with the rubber bag, he was required to blow very hard to inflate the bag, and that in doing so he suddenly felt a severe pain in his stomach and bowels causing him to double up with pain; that he stopped working and went home to bed and sent for a colored physician by the name of Dr. Taylor, to whom he gave the cause of his trouble as the effort he made to blow up the rubber bag which "instead of my blowing up the gas bag it blew me up."

Walter Strudwick, a negro preacher, testified that he heard Verrett tell Taylor that the effort to inflate the bag caused his injury, and that Verrett's wife, mother-in-law, and daughter were present at the time.

The foreman, under whom plaintiff was working, states that no complaint was made to him by Verrett, and that he knew nothing of his having suffered any injury until several days later. A number of workmen, who were engaged in the same undertaking, also testified that they knew nothing of Verrett's injury. Dr. Taylor, who was the physician for an association of colored employees of the defendant company, denied that Verrett told him anything about the rubber bag.

Verrett's mother-in-law, wife, and daughter, who were said to have been present when the statement was made to Dr. Taylor, did not testify.

We conclude that plaintiff did not immediately attribute his injury to the inflation of the rubber bag.

Verrett claims to have been injured on November 16, 1932. He was operated on at the Flint Goodridge Hospital by Dr. Rivers Frederick on November 18, when thirty-eight inches of his bowel was removed, a part of which was gangrenous. He remained in the hospital for twenty-four days and, at the time of the trial, June 13, 1933, had completely regained his health.

Dr. Frederick, who operated upon Verrett, testified as an expert that in his opinion the volvulus was caused by plaintiff's exertion in attempting to blow up the rubber bag, but Drs. Emmett Irwin, C. Jeff Miller, and Alton Oschner testified to the contrary. The rubber bag used by plaintiff, or a replica thereof, was produced in court during the trial, and experiments conducted with it by the expert physicians in the course of their testimony. The position of plaintiff, at the time he claims to have been injured, was demonstrated before the court, and all three medical experts for defendant, who, the record shows, are eminent physicians and surgeons, testified that in their opinion the accident could not

have been caused in the manner claimed by plaintiff; that volvulus is rarely due to trauma, often manifesting itself for the first time when the victim is lying in bed, as Dr. Oschner put it, "most cases of volvulus that I have seen occurred while the patient was in bed." Dr. Miller stated that "violence or injury is really the rarest cause, if it is a cause. There are so many causes of volvulus that injury really figures as a very small factor in it." Dr. Irwin stated that volvulus when caused by sudden violent exercise is always due to an unexpected force. To quote his language: "But when we speak of sudden, violent exercise, we speak of unexpected force, because in the expected force, nature provides and takes up the shock which is expected. Such as when we walk off the step, off the curb in the city street daily, but if you step off a curb unexpectedly, you are very likely to have a terrific injury, because the muscles do not work in unison"; that a "quick, violent effort, if expected, could not possibly cause volvulus; that the posture of the man, such as leaning over to blow up this bladder, would have no more effect, than were he standing erect * * * nature has provided for that, the movement. The normal movement of the gut, but the stimulus which would produce a sudden, unexpected abnormal exertion of a portion of the gut, some portion of the gut, would be more of an exciting cause * * *. Our intestinal tract moves along with a certain degree of rhythm. If we have an unexpected stimulus, which would produce one part of it to work in a more accelerated manner than the other, it would be likely then to precipitate this condition of twisting, caused by such symptoms, as a violent purgation."

In order for a plaintiff to recover in a suit under the Workmen's Compensation Law, as in all other cases, he must establish his claim with legal certainty. Haddad v. Commercial Motor Truck Company, 150 La. 327, 90 So. 666; Lampley v. Standard Brick & Clay Co., 8 La. App. 300; Brent v. Union Indemnity Co., 17 La. App. 689, 135 So. 735; Wilson v. Harris Oil Company, 3 La. App. 195. The plaintiff in the instant case has fallen far short of this requirement. He has failed to prove that the volvulus was caused by or connected with any duty he was called upon to perform in connection with his employment or that it could have been caused in that manner. This was evidently the view entertained by the learned judge of the trial court, and we are of opinion that his judgment declining to award compensation in this

case is correct. Consequently, and for the reasons assigned, the judgment appealed from is affirmed.

Affirmed.